UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA ROSS,

Plaintiff,

v. CASE NO. 8:06-CV-1655-T-17TBM

MICHAEL J. ASTRUE,
Commissioner of the
United States Social
Security Administration

Defendant.

________________________/

ORDER

This cause is before the Court on:

Dkt. 25 Report and Recommendation
Dkt. 26 Objections

This case is a review of the denial of Plaintiff's claims for Social Security disability benefits and Supplemental Security Income payments. The assigned Magistrate Judge has entered a Report and Recommendation, in which it is recommended that the decision denying benefits be affirmed.

The Court has independently examined the pleadings, including the Administrative Record. Plaintiff has filed Objections to the Report and Recommendation.

I. Standard of Review

The scope of review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and 2) whether the correct

legal standards were applied. Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Richardson at 401. The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). However, "despite the deferential standard for review of claims...[the] Court must scrutinize [the] record in its entirety to determine the reasonableness of the decision reached." Bridges v. Bowen, 815 F.2d 622 (11th Cir. 1987).

II. Plaintiff's Objections

A. RFC Assessment is Contradictory

Plaintiff argues that the ALJ (Administrative Law Judge) committed reversible error because the ALJ's RFC (Residual Functional Capacity) assessment is contradictory. According to Plaintiff, the contradiction is that the ALJ found that Plaintiff requires a sit/stand option, usually available only in professional or managerial jobs, and also found that Plaintiff is capable of performing only simple, repetitive tasks.

Residual functional capacity is an assessment, based on all of the relevant evidence, of a claimant's remaining ability to do work, despite the claimant's impairments. See 20 C.F.R. Sec. 404.1545(a). Along with age, education and work experience, a claimant's residual functional capacity is considered in determining whether the claimant can work. See 20 C.F.R. Sec. 404.1520(f).

In the Report and Recommendation, the Magistrate Judge did not find any inconsistency between the RFC determination of the ALJ, and SSR 83-12. SSR 83-12, 1983 WL 31253 (S.S.A) clarifies the policies applicable in using the grid rules as a framework for adjudicating claims in which an individual has only exertional limitations, and no specific rule applies because the individual's RFC does not coincide with any of the defined exertional ranges of work. Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing and pulling. Nonexertional limitations affect an individual's ability to meet the other demands of the job, and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands.

SSR 83-12 recognizes that in some cases, the medical facts lead to an assessment of RFC that is compatible with either sedentary or light work except that the person must alternate between periods of sitting and standing. SSR 83-12 states that an individual requiring a sit/stand option is unable to perform the prolonged sitting contemplated in the definition of light work, and that unskilled work typically does not accommodate sitting and standing at will. In that situation, adjudicators are directed to consult a VE (Vocational Expert) to clarify the implications for the occupational base. In this case, the ALJ followed SSR 83-12 by consulting a VE.

The ALJ found that Plaintiff was limited by the requirement that Plaintiff had to be able to sit and/or stand at will. The hypothetical questions that the ALJ posed to the VE included that limitation, and the VE identified four jobs in the categories of

light work and sedentary work that Plaintiff could perform with that limitation. In the Report and Recommendation, the Magistrate Judge found that four of the jobs identified by the VE in the category of sedentary work appear supported by substantial evidence. The Magistrate Judge therefore found that there was no inconsistency between the ALJ's RFC determination, and SSR 83-12, 1983 WL 31253 (S.S.A.).

The Court recognizes that the rulings of the Social Security Administration are entitled to deference. See Fair v. Shalala, 37 F.3d 1466, 1469 (11th Cir. 1994). After consideration, the Court finds that the ALJ's RFC determination is not inconsistent with SSR 83-12, and overrules Plaintiff's objection as to this issue.

B. Magistrate Judge Did Not Apply Required Legal Standard

Plaintiff argues that the testimony of the VE is inconsistent with the DOT (Dictionary of Occupational Titles), and, pursuant to Social Security Ruling 00-04p, 2000 WL 1898704 (S.S.A.), the ALJ was required to elicit a reasonable explanation before relying on the testimony of the VE.

In this case, the ALJ did not make any inquiry as to a conflict between the VE evidence and information provided in the DOT, and did not resolve any conflicts on the record.

The reasoning level under the DOT is an aspect of an individual's general educational development. Each job is given a level of 1 to 6, with 1 being the lowest level, and 6 being the highest level. Under the facts of this case, there is no

conflict between a reasoning level of 3 and a restriction to simple, repetitive tasks. The restriction to simple, repetitive work is not related to Plaintiff's educational development. The Court notes that Plaintiff obtained an Associate of Science Degree, and has worked at jobs requiring a reasoning level of 3 in the past. However, Plaintiff suffers from chronic pain and from bipolar disorder, which interfere with concentration. The Court also notes that the VE testified about the jobs Plaintiff could perform by referring to the DOT numbers of those jobs. The reference to specific DOT numbers demonstrates that the VE meant the jobs to be an exact match under the DOT with the limitations expressed in the ALJ's hypothetical question. Miller v. Comm'r of Soc. Sec., 2007 U.S. App. Lexis 21153 (August 31, 2007).

The Court notes that Plaintiff was represented by counsel at the hearing. Plaintiff therefore had the opportunity to cross-examine the VE as to any inconsistency between the testimony of the VE and the definition of the sit/stand option in SSR 83-12. The ALJ fulfilled his obligation to develop a full and fair record.

After consideration, the Court concludes that there was no conflict between the testimony of the VE and the DOT. Even if it were found that there was such a conflict, the error does not warrant reversal. Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). The Court overrules Plaintiff's objection as to this issue.

Case No. 8:06-CV-1655-T-17TBM

C. Commissioner and Magistrate Judge Admit Errors in ALJ's RFC Assessment

Plaintiff argues that the decision of the ALJ does not adequately consider whether Plaintiff's limitations allowed Plaintiff to perform past relevant work or other work, where the demands of those jobs are defined by the legal standard of the DOT.

The ALJ found that Plaintiff could perform past relevant work as an office clerk and receptionist, and Plaintiff could perform other jobs existing in significant numbers in the national economy. In the Report and Recommendation, the Magistrate Judge found that four of the jobs identified by the VE (receptionist, ticket checker, information clerk and proofreader) appear supported by substantial evidence.

The Court notes that the ALJ considered the medical evidence, then found that Plaintiff has impairments that cause significant vocationally relevant limitations. After considering both severe and non-severe impairments, the ALJ found that the claimant has no impairments or combination of impairments which meet the criteria of any of the listed impairments in Appendix 1 of the Regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then considered whether Plaintiff retained the residual functional capacity to perform past work or other work existing in significant numbers in the national economy. In so doing, the ALJ considered all of Plaintiff's symptoms, including pain, and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence based on the requirements of 20 C.F.R. Secs. 404.1529 and 416.929. and

Social Security Ruling 96-7p. The ALJ also considered medical opinions from acceptable medical sources, which reflect judgments about the nature and severity of Plaintiff's impairments and resulting limitations. The ALJ did not fully credit Plaintiff's statements about her impairments and their impact on Plaintiff's ability to work, and explained the basis for his credibility determination. The ALJ identified inconsistencies in the overall evidence. The ALJ found very little objective evidence to support Plaintiff's assertion of disabling pain, and found that Plaintiff's assertion of physical and mental limitations was exaggerated.

The ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary and light work with a sit/stand option with an occasional limitation for bending, stooping, crouching, kneeling and prolonged standing. The ALJ found that Plaintiff is capable of performing only simple, repetitive tasks in an environment with limited work stress and an environment that allows for occasional lapses in concentration. The ALJ consulted a VE, and accepted the VE's testimony in reaching his conclusions.

While there may be an error in the findings of the ALJ as to Plaintiff's residual functional capacity to return to past relevant work and to perform other work, any such error is harmless. The finding that Plaintiff retains the residual functional capacity to perform her past relevant work as a receptionist is supported by substantial evidence. There is also substantial evidence to support the finding that Plaintiff can perform other jobs that exist in significant numbers in the national economy (ticket checker, information clerk,

proofreader).

After consideration, the Court overrules Plaintiff's objection as to this issue. Accordingly, it is

ORDERED that Plaintiff's objections are overruled. The Report and Recommendation is adopted and incorporated by reference. The Court affirms the decision of the Commissioner. The Clerk of Court shall enter a final judgment for Defendant and close this case.

DONE and ORDERED in Chambers, in Tampa, Florida on this 2nd day of October, 2007.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record